**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4065

MARK NATHANIEL CHAPMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-97-478)

Submitted: August 17, 1999

Decided: September 29, 1999

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth Michael Robinson, THE ROBINSON LAW FIRM, Wash-
ington, D.C.; William Jackson Garber, Washington, D.C., for Appel-
lant. Lynne A. Battaglia, United States Attorney, Deborah A.
Johnston, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Mark Nathaniel Chapman of being a felon in possession of a firearm. On appeal, Chapman alleges that the district court erred by enhancing his base offense level for obstruction of justice pursuant to USSG § 3C1.1.**1** Finding no reversible error, we affirm.

Maryland State Trooper Samuel Bell stopped Chapman and his passenger for speeding during the early morning hours of September 21, 1997. A routine check of Chapman's driver's license revealed that there was a warrant for his arrest. Pursuant to standard operating procedures, Bell waited for a backup officer ("Breck") to arrive before again approaching Chapman's vehicle. Bell then asked Chapman to exit the vehicle and placed him under arrest, while Breck watched the passenger.

Bell testified that after he placed Chapman in his cruiser, Chapman informed him that there was a gun on the floor behind the front passenger seat of his (Chapman's) vehicle. The officers drew their weapons and ordered the passenger out of the vehicle. Once the passenger was secure, Bell went immediately to the rear passenger door and found a handgun under the floor mat. Bell testified that when he informed Chapman of the discovery, Chapman admitted that the firearm was his. Breck's testimony substantially corroborated Bell's. Although she could not hear the content of the conversations between Bell and Chapman, she confirmed that these conversations took place.

Chapman testified in his own defense and completely contradicted the officers' testimony. Specifically, Chapman testified that Bell placed him in his cruiser prior to Breck's arrival. He also denied hav-

_____

**1** <u>U.S. Sentencing Guidelines Manual</u> (1998).

2

ing any conversations with Bell concerning the location or ownership of the firearm. Finally, Chapman testified that Bell entered the vehicle from the driver's door to conduct his search, eventually coming out with a handgun.[2] Throughout his testimony, Chapman denied any ownership interest in the weapon or knowledge that it was even in the vehicle.

During sentencing, the district court determined that Chapman's testimony was more than simply an artful attempt to create reasonable doubt. Rather, the court found that Chapman's testimony was so contradictory that it constituted a material misrepresentation, which was intended to "trick" the jury. In making its findings, the district court expressly stated that it found Chapman's testimony incredible.

On appeal, Chapman alleges that the district court erroneously concluded that he committed perjury during his testimony, but he does not challenge the applicability of USSG § 3C1.1 to his conduct. Accordingly, we review the district court's factual determination for clear error, and we find none. See United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995). Chapman's claim is based on his assertion that the district court erroneously believed that both officers testified that Chapman told Bell about the location of the handgun and that he admitted ownership of the weapon.

Our review of the trial and sentencing transcripts leads us to conclude that Chapman's position is without merit. We find that the district court made its decision based on Chapman's testimony as a whole. We further find that the court's comments concerning the conflict between Chapman's testimony and the officers' regarding his conversations with Bell refer to the fact that Chapman denied that the conversations ever took place; whereas both officers testified that they did. We find nothing in the record suggesting that the district court mistakenly believed that both officers testified as to the content of the conversations or that this factor alone lead the court to apply the enhancement.

Accordingly, we affirm Chapman's sentence. We dispense with

_____

[2] Chapman suggested that Bell may have "planted" the weapon.

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4